Olivier A. Beabeau (#020986)
Keith R. Galbut (#022869)
Charles J. Morrow (#026322)
GALBUT & GALBUT, P.C.
2425 East Camelback Road, Suite 1020
Phoenix, Arizona 85016
Phone: 602.955.1455
Fax: 602.955.1585
docket@galbutlaw.com
Attorneys for Trustee

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 15 |
| SOUTHPLACE (AMERICA) LLP, a limited liability partnership incorporated in the United Kingdom, | Case No. 2:10-bk-33724 |
| | **APPLICATION FOR RECOGNITION OF FOREIGN MAIN PROCEEDING** |
| Debtor in a foreign proceeding | |

Andrew James Davison and Colin Peter Dempster of Ernst & Young LLP (collectively, "Trustee") are the duly appointed administrators and the foreign representatives of Southplace (America) LLP, a limited liability partnership incorporated in the United Kingdom ("Debtor"). On December 24, 2009, pursuant to Schedule B1 to the Insolvency Act 1986 and Rule 2.16 of the Insolvency (Scotland) Rules 1986, and subject to the approval of the Court of Session, Debtor appointed Trustee as its administrator (the "UK Proceeding"). Trustee, by and through the undersigned, files this petition (the "Chapter 15 Petition") pursuant to Chapter 15 of the United States Bankruptcy Code (the "Bankruptcy Code") in furtherance of the Official Form 1 petition filed contemporaneously herewith seeking: (1) recognition of the UK Proceeding as a "foreign main proceeding"; (2) an order granting additional relief upon recognition; and (3) an order approving the notice and manner of service and setting a hearing date on the Chapter 15 Petition.

**INTRODUCTION**

1.      Trustee commenced this Chapter 15 case pursuant to Section 1504 of the Bankruptcy Code by filing the Chapter 15 Petition with all supporting documentation required pursuant to Section 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2.      Pursuant to Section 1517 of the Bankruptcy Code, Trustee seeks an order granting recognition of the UK Proceeding as a "foreign main proceeding" as defined in Section 1502(4) and recognition of Trustee as the "foreign representative" of the UK Proceeding.

3.      Pursuant to Section 1521 of the Bankruptcy Code, Trustee seeks an order granting additional relief upon recognition entrusting the administration, realization, and distribution of Debtor's assets located in the United States to Trustee in the UK Proceeding.

4.      Pursuant to Bankruptcy Rules 9007 and 2002(q)(1), Trustee seeks an order approving the notice and manner of service of the Chapter 15 Petition and related documents and setting a hearing date on the request for an order of recognition of the UK Proceeding as a "foreign main proceeding."

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157, 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1410 because an action against Debtor is pending in state court in this district and because Debtor owns real property in this district.

**FACTUAL BACKGROUND**

7.      The Statement of Foreign Representative in Support of Petition and Recognition Application signed under penalty of perjury by Andrew James Davison,

Chartered Accountant, together with exhibits ("Trustee's Declaration") is filed contemporaneously herewith and incorporated herein by reference.

8.     The Foreign Representative's Rule 1007(a)(4) List of Administrators, Litigation Parties, and Entities Against Whom Provisional Relief is Sought, also signed under penalty of perjury by Andrew James Davison, Chartered Accountant (the "Chapter 15 List") is filed contemporaneously herewith and incorporated herein by reference.

9.     Trustee's Declaration recites the facts pertinent and necessary to sustain the request for recognition of the UK Proceeding as a foreign main proceeding pursuant to Sections 1515 and 1517 of the Bankruptcy Code, and for additional relief available upon recognition pursuant to Section 1521 of the Bankruptcy Code, including, without limitation, evidence that:

a.     The UK Proceeding is a "foreign proceeding" within the meaning of Section 101(23) that was duly commenced and is proceeding in Edinburgh, Scotland, and has been duly authorized and sanctioned by the Court of Session;

b.     The UK Proceeding is the only foreign proceeding with respect to Debtor of which Trustee has knowledge;

c.     The registered office and principal place of business or "center of main interests" of Debtor is in Edinburgh, Scotland;

d.     Trustee, as administrator of Debtor in the UK Proceeding, is duly authorized to act as the foreign representative of Debtor and is duly authorized to file the petition for relief under Chapter 15, and

e.     Trustee is entitled to the relief requested in this Chapter 15 Petition on behalf of Debtor.

10.     Trustee's Declaration also recites under penalty of perjury the facts and circumstances surrounding the UK Proceeding and the commencement of this Chapter 15 case, the substance of which is repeated herein for convenience.

11. Debtor is a limited liability partnership organized and existing under the laws of the United Kingdom. Debtor's registered office is Ten George Street, Edinburgh, EH2 2DZ.

12. On December 14, 2009, Debtor filed its Notice of Intention to Appoint an Administrator by Limited Liability Partnership in the Court of Session (the "Notice of Intent"). The Notice of Intent was endorsed by the Court of Session on December 14, 2009. A copy of the Notice of Intent is attached as Exhibit "A" to Trustee's Declaration.

13. On December 24, 2009, Debtor filed its Notice of Appointment of an Administrator by Limited Liability Partnership in the Court of Session (the "Notice of Appointment"). The Notice of Appointment was endorsed by the Court of Session on December 24, 2009. A copy of the Notice of Appointment is attached as Exhibit "B" to Trustee's Declaration.

14. Pursuant to the Notice of Appointment, Trustee was appointed the administrator of Debtor.

15. Pursuant to Scottish law, all assets of Debtor have vested in Trustee, and there is a stay of proceedings in effect. All creditors of Debtor are treated equally in the sense that non-Scottish creditors are accorded the same priority and are otherwise provided with the same treatment as Scottish Creditors.

16. Debtor's principal place of business and "center of main interest" is in Edinburgh, Scotland. Debtor has no assets outside of Scotland other than the assets located in Maricopa County, Arizona (the "Arizona Assets"). All of Debtor's business records are in Edinburgh, Scotland, and all its members are located in the United Kingdom.

17. On or about February 3, 2006, Debtor purchased real property ("Lot 165") in Maricopa County, Arizona legally described as follows:

> Lot 165, of DESERT MOUNTAIN PHASE II APACHE PEAK, PART FOUR, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, recorded in Book 396 of Maps, page 29.

18. On or about February 3, 2006, Debtor purchased real property ("Lot 42") in Maricopa County, Arizona legally described as follows:

Lot Forty-two (42), of DESERT MOUNTAIN PHASE II, UNIT EIGHTEEN (THE VILLAGES OF PAINTED SKY), according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, recorded in Book 408 of Maps, page 6.

19. On or about February 14, 2006, Debtor, as trustor, executed a deed of trust (the "Deed of Trust") in favor of The Governor and Company of the Bank of Scotland ("Bank of Scotland"), as beneficiary, for Lot 165.

20. The Deed of Trust was recorded with the Maricopa County Recorder's Office on February 14, 2006 at recording number 2006-0208395.

21. On or about May 9, 2006, Debtor executed a supplement to the Deed of Trust extending the lien of the Deed of Trust to cover Lot 42.

22. The supplement to the Deed of Trust was recorded with the Maricopa County Recorder's Office on May 15, 2006 at recording number 2006-0656956.

23. The Arizona Assets are comprised entirely of Lot 165, Lot 42, and a potential claim relating to fire damage to Lot 42 in December, 2007.

24. Bank of Scotland is a secured creditor of Debtor with a properly perfected security interest in the Arizona Assets.

25. As of October 11, 2010, Debtor owes Bank of Scotland approximately $1,600,000.00, not including interest and other charges accruing from December 24, 2009.

26. On or about August 27, 2009, The Desert Mountain Master Association ("Desert Mountain") filed a lawsuit (the "Arizona Action") against Debtor for breach of contract, declaratory judgment, and injunctive relief relating to Debtor's alleged failure to comply with the Amended and Restated Master Declaration of Covenants, Conditions, Restrictions, Assessments, Charges, Servitudes, Liens, Reservations and Easement for Desert Mountain (the "Master Declaration") and Declaration of Covenants, Conditions, Restrictions

and Easement for Desert Mountain, Phase II, Unit Eighteen (The Village of Painted Sky) (the "Village Declaration").

27. The Arizona Action is pending before the Maricopa County Superior Court, case number CV2009-027510.

28. A Settlement Conference is scheduled in the Arizona Action for October 27, 2010.

29. The UK Proceeding is the only "foreign proceeding" with respect to Debtor.

30. Debtor has fewer than ten creditors in Scotland with claims in excess of $1,900,000.00.

31. Trustee is required to administer the payment of the creditors as required under Scottish insolvency law.

32. Upon information and belief, there are no creditors of Debtor in the United States, except for:

    a.    Desert Mountain;

    b.    City of Scottsdale which is owed approximately $20,507.00; and

    c.    Maricopa County Treasurer which is owed approximately $24,124.15.

33. Although no claims regarding the following have been intimated to Trustee to date, the following may be creditors of Debtor in the United States:

    a.    Ruben Hernandez, Financial Services Customer Service;

    b.    HIG Consulting;

    c.    All Pro Fence Co.; and

    d.    Advanced Mobile Storage.

34. The ultimate goal of Trustee is to ensure an orderly administration of the financial affairs of Debtor and to maximize the value of Debtor's assets to be distributed to all creditors, under the auspices of Scottish law, and with the aid of this Court as requested herein.

35.     Trustee believes that granting the relief sought in the Chapter 15 Petition will best afford (and may be the only way to assure), the equitable collection, liquidation, and distribution to creditors in the United States and Scotland.

## REQUEST FOR AN ENTRY OF ORDER GRANTING
## RECOGNITION AND ADDITIONAL RELIEF

36.     Chapter 15 of the Bankruptcy Code was specifically designed to assist foreign representatives such as Trustee in the performance of their duties. One of its express objectives stated in Section 1501(a)(3) is the "fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor."

37.     The UK Proceeding and Trustee are entitled to recognition under Section 1517 of the Bankruptcy Code because the UK Proceeding is a foreign proceeding within the meaning of Section 101(23) in that assets of Debtor are under the supervision and control of Trustee as appointed in the UK Proceeding pursuant to Scottish insolvency laws.

38.     The UK Proceeding is a foreign main proceeding within the meaning of Section 1502(4) because Debtor's registered office and principal place of business are located in Edinburgh, Scotland.

39.     Edinburgh, Scotland is Debtor's center of main interests within the meaning of Section 1516(c).

40.     Trustee is a foreign representative within the meaning of Section 101(24).

41.     This Chapter 15 Petition meets the requirements of Section 1515.

42.     Recognizing the UK Proceeding as a foreign main proceeding would not be manifestly contrary to the public policy of the United States under Section 1506.

43.     Granting recognition of the UK Proceeding as a foreign main proceeding will promote the public policy of the United States of respecting foreign proceedings as articulated in, among other statutory provisions, Sections 1501(a) and 1508.

44. The conditions for mandatory recognition of Trustee and the UK Proceeding under Section 1517 have been satisfied.

45. Trustee seeks recognition of the UK Proceeding as a foreign main proceeding and hereby seeks entry of an order of this Court, substantially in the form of the proposed order attached hereto as Exhibit "1" (the "Proposed Recognition Order") granting the following relief in support of the UK Proceeding:

a. Recognition of the UK Proceeding as a "foreign main proceeding" as defined in Section 1502(4) pursuant to Section 1517;

b. Recognition of Trustee as the "foreign representative" of Debtor within the meaning of Section 101(24) for all purposes under Chapter 15;

c. Granting all relief afforded foreign main proceedings automatically upon recognition pursuant to Section 1520, including the "automatic stay" under Section 362; and

d. Granting additional relief pursuant to Sections 1521(a)(5) and 1521(b) entrusting the administration, realization, and distribution of Debtor's assets located in the United States, including the Arizona Assets, to Trustee in the UK Proceeding.

## REQUEST FOR AN ORDER SPECIFYING THE FORM AND MANNER OF SERVICE AND SCHEDULING A HEARING ON THE CHAPTER 15 PETITION

46. Trustee respectfully requests that the Court approve the notice and manner of service of the notice of the Chapter 15 Petition pursuant to Bankruptcy Rules 9007 and 2002(q)(1), and that the Court set a hearing date on the Chapter 15 Petition.

47. Trustee seeks an entry of an order of this Court, substantially in the form of the proposed order attached as Exhibit "2" attached hereto (the "Proposed Notice and Scheduling Order") which (1) approves the notice of the Chapter 15 Petition substantially in the form attached hereto as Exhibit "3" (the "Proposed Notice"); and (2) specifies the manner of

service of the Proposed Notice; and (3) sets the date for the hearing on the entry of the order of recognition of the UK Proceeding.

48. Pursuant to Bankruptcy Rule 2002(q)(1), Trustee requests that service of the Proposed Notice, the Chapter 15 Petition, and related documents, including any order granting provisional relief (the "Service Documents") by U.S. mail, first class postage prepaid, overnight courier, electronic transmission, or by facsimile transmission upon Debtor, all known creditors, and all other parties against whom relief is sought, including "litigation parties" or their counsel identified in the Chapter 15 List on or before a date to be set by the Court, be approved as adequate and sufficient notice of the Service Documents and the relief sought therein. The service will be done by Trustee or its counsel rather than the Clerk of the Court.

49. Trustee requests that the Court set a hearing on the Chapter 15 Petition on a date approximately 20 days after service as provided for in Bankruptcy Rule 2002(q)(1).

50. Trustee requests that the Court also require that any responses to the Chapter 15 Petition (or other Service Documents) must be made in writing describing the basis therefore and be filed with the Court electronically and served upon Trustee's counsel at the address indicated above at least (2) business days prior to the hearing date.

WHEREFORE, Trustee respectfully requests this Court enter orders:

A. Recognizing the UK Proceeding as a foreign main proceeding;

B. Granting additional relief upon recognition;

C. Approving the notice and manner of service and setting a hearing date on the Chapter 15 Petition; and

D. Granting such other and further relief as the Court deems proper and equitable under the circumstances.

. . .

. . .

RESPECTFULLY SUBMITTED this 20th day of October, 2010.

GALBUT & GALBUT, P.C.

By: Keith R. Galbut
    Olivier A. Beabeau, Esq.
    Keith R. Galbut, Esq.
    Charles J. Morrow, Esq.
    Attorneys for Trustee

## **NOTICE OF ELECTRONIC FILING**

I hereby certify that on October 20, 2010, I electronically filed the foregoing with the Clerk of Court for filing and uploading to the CM/ECF system which will send notification of such filing to all parties of record.

/s/ Charles J. Morrow

# EXHIBIT "1"

1
2
3
4
5
6
7        **IN THE UNITED STATES BANKRUPTCY COURT**
8        **FOR THE DISTRICT OF ARIZONA**
9    In re:                                          Chapter 15
10   SOUTHPLACE (AMERICA) LLP, a limited             Case No. 2:10-bk-33724
     liability partnership incorporated in the
11   United Kingdom,                                 **ORDER RECOGNIZING FOREIGN**
                                                     **MAIN PROCEEDING**
12          Debtor in a foreign proceeding
13

14          WHEREAS, Andrew James Davison and Colin Peter Dempster of Ernst & Young

15   LLP (collectively, "Trustee") are the duly appointed administrators and the foreign

16   representatives of Southplace (America) LLP, a limited liability partnership incorporated

17   in the United Kingdom ("Debtor");

18          WHEREAS, on December 24, 2009, pursuant to Schedule B1 to the Insolvency Act

19   1986 and Rule 2.16 of the Insolvency (Scotland) Rules 1986, and subject to the approval

20   of the Court of Session, Debtor appointed Trustee as its administrator (the "UK

21   Proceeding");

22          WHEREAS, Trustee, by and through its United States Counsel, Galbut & Galbut,

23   P.C., filed a petition (the "Chapter 15 Petition") pursuant to Chapter 15 of the United

24   States Bankruptcy Code (the "Bankruptcy Code") commencing this Chapter 15 case

25   ancillary to the UK Proceeding seeking: (1) recognition of the UK Proceeding as a

26   "foreign main proceeding"; (2) an order granting additional relief upon recognition; and

(3) an order approving the notice and manner of service and setting a hearing date on the Chapter 15 Petition;

WHEREAS, due and timely notice of the filing of the Chapter 15 Petition having been given pursuant to an order of this Court, and which notice is deemed adequate for all purposes and no other or further notice need be given;

WHEREAS, a hearing was held before this Court on _____, 2010 to consider the Chapter 15 Petition, and the Court having considered and reviewed all pleadings and exhibits submitted by Trustee in support of the Chapter 15 Petition, and no objection or response having been filed that has not been withdrawn, overruled, or otherwise resolved, and all interested parties having had an opportunity to be heard, and the Court having heard argument by counsel appearing at the hearing, and after due deliberation and sufficient cause appearing therefore, the Court finds and concludes as follows:

A.     Debtor is subject to a pending foreign proceeding within the meaning of Section 101(23) of the Bankruptcy Code;

B.     Debtor is subject to a pending foreign main proceeding within the meaning of Section 1502(4) of the Bankruptcy Code;

C.     Trustee is the foreign representative of Debtor within the meaning of Section 101(24) of the Bankruptcy Code;

D.     The Chapter 15 case was properly commenced pursuant to Sections 1504 and 1515 of the Bankruptcy Code;

E.     The Chapter 15 Petition satisfied the requirements of Section 1515 of the Bankruptcy Code.

F.     Trustee is entitled to all relief provided pursuant to Section 1520 of the Bankruptcy Code without limitation;

G.     Trustee is entitled to additional relief provided pursuant to Sections 1521(a)(5) and 1521(b) of the Bankruptcy Code entrusting the administration, realization, and distribution of Debtor's assets located in the United States to Trustee in the UK Proceeding;

H.     The relief granted hereby is necessary and appropriate, in the interest of the public and international comity, consistent with the public policy of the United States, warranted pursuant to Sections 1520 and 1521 of the Bankruptcy Code, and will not cause hardship to plaintiff in the litigation against Debtor, Trustee, or other parties in interest that is not outweighed by the benefits of granting that relief;

I.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and

J.     Venue is proper in this district pursuant to 28 U.S.C. § 1410.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1.     The UK Proceeding is granted recognition pursuant to Section 1517(a) of the Bankruptcy Code;

2.     The UK Proceeding is granted recognition as a foreign main proceeding pursuant to Section 1517(b)(1) of the Bankruptcy Code;

3.     All relief afforded a foreign main proceeding pursuant to Section 1520 of the Bankruptcy Code is granted without limitation;

4.     The automatic stay of Section 362 of the Bankruptcy Code applies with respect to Debtor and the property of Debtor that is within the territorial jurisdiction of the United States;

5.     Additional relief pursuant to Sections 1521(a)(5) and 1521(b) entrusting the administration, realization, and distribution of Debtor's assets located in the United States to Trustee in the UK Proceeding is granted;

1  6.     This Order shall be served upon all known creditors (or their counsel) of

2  Debtor by electronic mail or by facsimile transmission or by U.S. mail, first class postage

3  prepaid or overnight courier on or before _____; and

4  7.     Service in accordance with this Order shall constitute adequate and sufficient

5  service and notice.

6       DATED this ____ day of _____, 2010.

7

8                           By:_____

9                                United States Bankruptcy Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# EXHIBIT "2"

1

2

3

4

5

6

7 **IN THE UNITED STATES BANKRUPTCY COURT**

8 **FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| 9 In re: | Chapter 15 |
| 10 SOUTHPLACE (AMERICA) LLP, a limited liability partnership incorporated in the | Case No. 2:10-bk-33724 |
| 11 United Kingdom, | **ORDER SCHEDULING HEARING AND SPECIFYING THE FORM AND MANNER OF SERVICE OF CHAPTER 15 PETITION** |
| 12 Debtor in a foreign proceeding | |

13

14    WHEREAS, Andrew James Davison and Colin Peter Dempster of Ernst & Young

15 LLP (collectively, "Trustee") are the duly appointed administrators and the foreign

16 representatives of Southplace (America) LLP, a limited liability partnership incorporated

17 in the United Kingdom ("Debtor");

18    WHEREAS, on December 24, 2009, pursuant to Schedule B1 to the Insolvency Act

19 1986 and Rule 2.16 of the Insolvency (Scotland) Rules 1986, and subject to the approval

20 of the Court of Session, Debtor appointed Trustee as its administrator (the "UK

21 Proceeding");

22    WHEREAS, Trustee, by and through its United States Counsel, Galbut & Galbut,

23 P.C., filed a petition (the "Chapter 15 Petition") pursuant to Chapter 15 of the United

24 States Bankruptcy Code (the "Bankruptcy Code") commencing this Chapter 15 case

25 ancillary to the UK Proceeding seeking: (1) recognition of the UK Proceeding as a

26 "foreign main proceeding"; (2) an order granting additional relief upon recognition; and

(3) an order approving the notice and manner of service and setting a hearing date on the Chapter 15 Petition;

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. A hearing on the relief requested in the Chapter 15 Petition will be heard on _____, 2010, at _____ (Arizona time), or soon thereafter as counsel may be heard, in Room _____ of the United States Bankruptcy Court, located at 230 North First Avenue, Suite 101, Phoenix, Arizona 85003;

2. The form of Proposed Notice attached to the Chapter 15 Petition is approved;

3. Copies of the Notice, Chapter 15 Petition, and the related documents filed in support thereof (the "Service Documents") will be served by U.S. mail, first class postage prepaid, overnight courier, electronic transmission, or facsimile transmission upon Debtor, all known creditors, and all other parties against whom relief is sought, including "litigation parties" or their counsel identified in the Foreign Representative's Rule 1007(a)(4) List of Administrators, Litigation Parties and Entities Against Whom Provisional Relief is Sought on or before _____, in accordance with Bankruptcy Rules 2002(q)(1) and 9007. The service will be done by Trustee or its counsel rather than the Clerk of the Court;

4. Service pursuant to this order is good and sufficient service and adequate notice of the hearing to consider the Chapter 15 Petition and the request for an order granting recognition of the UK Proceeding as a foreign main proceeding and for additional relief; and

. . .
. . .
. . .
. . .
. . .
. . .
. . .

5.      Any objection or response to the Chapter 15 Petition (or other Service Documents) must be made in writing describing the basis therefore and must be filed with the Court electronically and served on Trustee's counsel, Galbut & Galbut, P.C., 2425 East Camelback Road, Suite 1020, Phoenix, Arizona 85016 at least two business days prior to the hearing date.

DATED this _____ day of _____, 2010.


By:_____
United States Bankruptcy Judge

# EXHIBIT "3"

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: | Chapter 15 |
| SOUTHPLACE (AMERICA) LLP, a limited liability partnership incorporated in the United Kingdom, | Case No. 2:10-bk-33724 |
| | **NOTICE OF FILING AND HEARING ON PETITION UNDER CHAPTER 15 OF THE UNITED STATES BANKRUPTCY CODE** |
| Debtor in a foreign proceeding | |

PLEASE TAKE NOTICE that Andrew James Davison and Colin Peter Dempster of Ernst & Young LLP (collectively, "Trustee") are the duly appointed administrators and the foreign representatives of Southplace (America) LLP, a limited liability partnership incorporated in the United Kingdom ("Debtor").

PLEASE TAKE NOTICE that on December 24, 2009, pursuant to Schedule B1 to the Insolvency Act 1986 and Rule 2.16 of the Insolvency (Scotland) Rules 1986, and subject to the approval of the Court of Session, Debtor appointed Trustee as its administrator (the "UK Proceeding").

PLEASE TAKE NOTICE that Trustee, by and through its United States Counsel, Galbut & Galbut, P.C., filed a petition (the "Chapter 15 Petition") pursuant to Chapter 15 of the United States Bankruptcy Code (the "Bankruptcy Code") commencing this Chapter 15 case ancillary to the UK Proceeding seeking: (1) recognition of the UK Proceeding as a "foreign main proceeding"; (2) an order granting additional relief upon recognition; and

1  (3) an order approving the notice and manner of service and setting a hearing date on the

2  Chapter 15 Petition.

3      PLEASE TAKE NOTICE that the United States Bankruptcy Court for the District

4  of Arizona has set a hearing on the Chapter 15 Petition and the requests contained in the

5  Petition for _____, 2010, at _____ (Arizona time), or soon

6  thereafter as counsel may be heard, in Room _____ of the United States Bankruptcy Court,

7  located at 230 North First Avenue, Suite 101, Phoenix, Arizona 85003.

8      PLEASE TAKE NOTICE that any party wishing to submit an objection or response

9  to the Chapter 15 Petition or the relief requested in the Chapter 15 Petition must do so in

10  writing describing the basis therefore, and such objection or response must be filed with the

11  Court and served on Trustee's counsel, Galbut & Galbut, P.C., 2425 East Camelback Road,

12  Suite 1020, Phoenix, Arizona 85016 at least two business days prior to the hearing date.

13      PLEASE TAKE NOTICE that all parties opposed to the Chapter 15 Petition and

14  the relief requested therein must appear at the hearing at the time and place set forth

15  above.  If no objection or response is timely filed and served as provided above, the

16  Bankruptcy Court may grant the recognition and relief requested by Trustee without

17  further notice.

18      DATED this _____ day of _____, 2010.

19

20                  By: _____

21                      United States Bankruptcy Judge

22

23

24

25

26